JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ted Bowman ("Bowman"), appeals following his conviction for operating an overweight commercial vehicle in a residential area in violation of Middleburg Heights Municipal Code Section 440.01(b). For the reasons that follow, we affirm.
 {¶ 2} On February 24, 2005, Middleburg Heights Police Officer Hall cited Bowman for operating an overweight vehicle on Bagley Road based on the weight designated on the vehicle's registration. At trial, Bowman testified that the truck weighed about 26,800 pounds. At the time he was stopped, Bowman said he was transporting materials to and from a business in Middleburg Heights to a job site in Parma. It is undisputed that he deviated from the designated truck route at Bagley and Pearl Roads as he continued eastbound on Bagley toward the Parma job site. After trial, Bowman was convicted and fined. Bowman obtained a stay of execution and perfected his appeal, wherein he asserts three assignments of error.
 {¶ 3} "I. The trial court erred to the prejudice of defendant in overruling defendant's oral Rule 29 motion made at the close of the evidence."
 {¶ 4} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 5} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 6} Middleburg Heights Municipal Code Section 440.01(b) prohibits the operation of a vehicle "exceeding a gross weight of five tons upon any street in the Municipality other than a State route, except those local streets designated as truck routes and marked as such by appropriate traffic signs, and except when such operation is necessary to load or unload property, to go to or from the usual place of storage of such vehicle or to perform any other legitimate business or act other than passage through the Municipality. Operators of vehicles so deviating from either a State route or a designated truck route within the Municipality shall confine such deviation to that required in order to accomplish the purpose of the departure."
 {¶ 7} Bowman first maintains the evidence is lacking as to whether Bagley is or is not a State route. Bowman testified that Bagley is a county road, which provided sufficient proof that the State Route exception did not apply. See State v. Harris
(1978), Cuyahoga App. No. 36777 ("[w]ith the admission of the appellant's statement, the prosecution met its burden of proof by offering sufficient evidence to establish each element of the offenses charged beyond a reasonable doubt"). We can find no support for Bowman's assertion that he was "forced" to testify in violation of his constitutional rights just because he was not granted an acquittal. Rather, the decision to testify appears to be a voluntary decision he made in defending his case.
 {¶ 8} Bowman next contends that the prosecution failed to establish his vehicle exceeded five tons. Again, Bowman's testimony that the vehicle weighed 26, 800 pounds provided sufficient evidence of its weight. Bowman challenges the use of the term "ton" in 440.01(b) as being nonspecific in terms of actual weight in contrast to the penalty provisions of Middleburg Heights Code Section 440.01(e), which calculate the fine for a violation of 440.01(b) in terms of pounds.
 {¶ 9} "In the construction of statutes the purpose in every instance is to ascertain and give effect to the legislative intent, and it is well settled that none of the language employed therein should be disregarded, and that all of the terms used should be given their usual and ordinary meaning and signification except where the lawmaking body has indicated that the language is not so used." Carter v. Youngstown Div. ofWater (1946), 146 Ohio St. 203. The term "ton" is defined as "a unit of weight equal to 2,000 pounds." Webster's New World Dictionary, Revised (1984). This definition comports with the meaning of the term ton when the subject legislative provisions are read in pari materi, which would equate the 2,000 pounds referenced in 440.01(e) with the term "ton" referenced in 440.01(b), thus reconciling any apparent contradiction. Brown v.Martinelli (1981), 66 Ohio St.2d 45, 49. Accordingly, the jury had competent evidence to determine the weight of the vehicle and the court had clear legislative instruction for calculating the penalty.
 {¶ 10} Bowman also asserts that he was not in violation of the code section because he was operating the vehicle for a legitimate business or act, namely to and from a Middleburg Heights business location to a job site in Parma. Notwithstanding, the municipal code section specifically confines such a deviation "to that required in order to accomplish the purpose of the departure." Bowman's departure from the truck route was not a matter of necessity to reach his Parma destination but rather a matter of convenience. Accordingly, the departure was not confined as required by the relevant portions of 440.01(b).
 {¶ 11} Lastly, Bowman argues that the prosecution failed to establish the requisite degree of culpability. It is Bowman's opinion that 440.01(b) does not plainly indicate a purpose to impose strict liability and therefore recklessness is the culpable mental state. Although the code section is silent as to degree of culpability, there is a clear intent to impose strict liability for driving an overweight truck. R.C. 2901.21(B), accord State v. Coldwell (June 18, 1980), Hamilton App. No. C-790421.
 {¶ 12} Assignment of Error I is overruled.
 {¶ 13} "II. Appellant's conviction was against the manifest weight of the evidence."
 {¶ 14} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 15} Bowman incorporates his arguments under the first assignment of error here. Having reviewed the entire record, the conviction is not against the manifest weight of the evidence. Bowman admitted his truck exceeded the weight limit and that he was driving on a county road. Exhibits 1-4 illustrate the designated truck route at Bagley and Pearl Roads. The evidence further supports the conclusion that even if Bowman was conducting legitimate business the deviation from the designated truck route at that intersection was not necessary to reach his Parma destination.
 {¶ 16} Assignment of Error II is overruled.
 {¶ 17} "III. The trial court erred to the prejudice of defendant in re-scheduling without notice, in one day, a trial date without providing opportunity to defendant to obtain compulsory attendance of subpoenaed witnesses."
 {¶ 18} Bowman maintains that on April 11, 2005, the trial court abruptly re-scheduled his April 14, 2005 trial date to an April 12, 2005 date. As a result, Bowman claims he was unable to subpoena witnesses on his behalf, specifically Middleburg Heights officials.
 {¶ 19} According to the record, on April 5, 2005, the clerk sent out two notices, one indicating the trial date was April 14, 2005 and the "back up jury" trial date was April 12 and 13, 2005. On April 11, 2005, the "prime jury trial" date was changed to April 12, 2005. Although Bowman maintains he served two subpoenas by April 4, 2005, there is no evidence of this in the record. Further, Bowman does not claim, nor can we find anything in the record, that he raised this issue below or requested a continuance to secure the attendance of his desired witnesses. Absent some evidence that Bowman timely requested a subpoena and/or called the matter to the attention of the trial court, we are unable to assess the merits of this error and it is overruled. See, generally, City of Columbus v. Estep (Mar. 16, 1978), Franklin App. No. 77AP-820.
 {¶ 20} Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Blackmon, J., Concur.